UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ESTHER YANG,

                                              Plaintiff,

-against-

STATE OF NEW YORK, CITY OF NEW YORK,
NY STATE UNIFIED COURT SYSTEM,

                                              Defendants.

## CITY DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*

*Attorney for Defendants*
*100 Church Street, Room 2-301*
*New York, N.Y. 10007*

Of Counsel: Joshua C. Chao
Tel: (212) 788-0898
NYCLIS No. 04GL000155

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

ESTHER YANG,

                                   Plaintiff,

                                                                      04 Civ. 5460 (RMB)

                -against-

STATE OF NEW YORK, CITY OF NEW YORK,
NY STATE UNIFIED COURT SYSTEM,

                                   Defendants.

------------------------------------------------------------------ x

## CITY DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS

### PRELIMINARY STATEMENT

       City Defendant respectfully submit this reply memorandum of law in further support of its October 26, 2004 joint Motion to Dismiss. As set forth below, plaintiff's complaint should be dismissed because plaintiff's "Objecting motion to dismiss the case" ("Opposition") entirely fails to rebut the grounds upon which defendants previously moved to dismiss. Instead she repeats three specious arguments from her amended complaint. First, plaintiff alleges that the New York State government has misappropriated federal funds to support a State judiciary that perpetuates racial bias and other forms of discrimination. See Opposition, ¶ 29, 51. Plaintiff lacks standing to bring such a claim. Furthermore, this allegation fails to state a claim under federal law. Second, plaintiff complains of the confidentiality of the process that the State employs to select judges and to discipline errant attorneys, see Opposition, ¶ 35, 130, 132. This complaint is simply untrue, as both of those processes are matters of public record. Third, plaintiff is clearly upset about the state of her divorce proceedings in state court. However, any of the claims plaintiff has identified as arising from those proceedings, should clearly be dismissed under the Rooker-Feldman doctrine and/or Younger abstention. Hence, plaintiff's amended complaint should be dismissed.

## ARGUMENT

### POINT I

#### PLAINTIFF LACKS STANDING TO BRING HER CLAIMS.

Plaintiff lacks standing to bring a claim that alleges that defendants "misappropriate[d]" federal funding in administering the New York State Unified Court System ("State courts"). In her Opposition, plaintiff makes clear that the gravamen of her complaint is that she is the "one and only minority in the trial courtroom," Opposition, ¶ 27, and that her alleged injury was "due to [defendants'] lack of sensitive and tolerance training and [defendants'] pattern and history to not allocated appropriate Federal money to minorities." Opposition, ¶ 51. Plaintiff points to no other injury, and instead defines her case as one attempting to vindicate the people's rights where "in general, the defendants have violated the constitutional law of the land." Opposition, ¶ 4. With regard to these types of allegations, courts have held that expenditure of public funds in an allegedly unconstitutional manner is not an injury sufficient to confer standing. See Valley Forge Christian College v. Americans United for Separation of Church & State, 454 U.S. 464, 475 (1982); Frothingham v. Mellon, 262 U.S. 447 (1923). Furthermore, plaintiff's contention is no more than a request for this Court to adjudicate "'abstract questions of wide public significance' which amount to 'generalized grievances,' pervasively shared and most appropriately addressed in the representative branches." The Supreme Court has ruled that plaintiffs lack standing to sue on such bases, as these are cases where plaintiffs have presented no justiciable case or controversy. Valley Forge, 454 U.S. at 475. Thus, plaintiff lacks standing to bring the claims in this action, and these claims should be dismissed.

## POINT II

## PLAINTIFF FAILS TO STATE A CLAIM IN ARGUING THAT DEFENDANTS HAVE MISAPPROPRIATED FUNDS TO SUPPORT A RACIALLY BIASED AND OTHERWISE DISCRIMATORY STATE JUDICIARY.

While it appears that plaintiff has attempted to make an argument based on the principles of Equal Protection, plaintiff has failed to allege a viable claim, and thus, her complaint should be dismissed for failure to state a claim upon which relief may be granted.

The Supreme Court in Dandridge v. Williams, stated that, "[i]n the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some 'reasonable basis,' it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality.'" Dandridge v. Williams, 397 U.S. 471, 485 (1970). Furthermore, the Court in Washington v. Davis, stated that, "the invidious quality of a law claimed to be racially discriminatory must ultimately be traced to a racially discriminatory purpose." Washington v. Davis, 426 U.S. 229, 240 (1976). Refining its terminology, the Court in Personnel Administrator of Massachusetts v. Feeney, held that, "'Discriminatory purpose,'…implies more than intent as volition or intent as awareness of consequences. It implies that the decisionmaker, in this case a state legislature, selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." Personnel Administrator of Massachusetts v. Feeney, 442 U.S. 256, 279 (1979).

Plaintiff refers to misappropriation of federal funding in the State courts and the disparity in the allocation of those funds to the State's "commission of Minorities," as well as "affirmative actions" and "[f]ederal race integration," in general terms. She also refers more specifically to the State courts allocating only "139K" out of a "$1.36 Billion" dollar budget to that "commission of Minorities." Opposition, ¶ 29, 39. However, even if these allegations were true,

3

plaintiff has not and cannot show that the State allocated these funds because of an intent to discriminate on the basis of race or any other minority status. The State is under no obligation to distribute funds with precise "mathematical nicety" for various minority groups in setting up its system of state courts. Finally, the City has absolutely no control over the State court system, its administration, or its sources and allocation of funding.

Thus, plaintiff has failed to state a claim upon which relief may be granted, and her complaint should be dismissed.

### POINT III

**JUDICIAL SELECTION AND ATTORNEY DISCIPLINE ARE BOTH MATTERS OF PUBLIC RECORD AND TRANSCRIPTS OF SUCH PROCEEDINGS WOULD BE ACCESSIBLE TO PLAINTIFF; THUS PLAINTIFF AGAIN FAILS TO STATE A CLAIM.**

Plaintiff complains of the fact that defendants "choose to keep Judicial selection, Judicial state misconduct, attorney disciplinary confidential." Opposition, ¶ 130. However, this is plainly not true. All New York State Supreme Court Justices and County Court Judges are elected in partisan elections. See Constitution of the State of New York ("State Constitution"), Art. VI § 6. All Appellate Division Judges must be selected from justices elected to the Supreme Court and are nominated by a judicial nominating committee and then appointed by the Governor. State Constitution, Art. VI § 4. Finally, New York Court of Appeals judges are nominated by a judicial nominating committee, and appointed by the Governor upon State Senatorial confirmation. State Constitution, Art. VI, § 2. These are public processes that are required by law. Moreover, public records are maintained regarding these selections processes.

In New York State, authority over the conduct of attorneys rests with the Appellate Division of State Supreme Court and the discipline and grievance committees appointed by that court. See 22 NYCRR § 603.1, *et seq.* These committees are comprised of both attorneys and non-

4

attorneys, working with a court-appointed, state-financed, full-time professional staff. Id. Each committee investigates the complaints received by it or, in some cases, refers the complaint to a county bar association for resolution. Id. Complaints must be in writing, and if the complaint describes conduct which would be considered improper, if proved, the attorney against whom the complaint is made must respond to the complaint in writing. Id. If the committee determines after investigation that the attorney's conduct was improper, it can send the attorney a letter of caution, admonition or reprimand, advising him or her of the impropriety of the conduct. Id. While these letters are not made public, they are retained as part of the attorney's record. Id. In cases of serious misconduct, the committee will refer the matter to court for action. Id. If the court, after a hearing by a disciplinary panel or referee, decides to take disciplinary action against that attorney, the decision customarily is made public. Id. Thus, under serious charges, the disciplinary process occurs in court and is a part of the public record. Id. Thus, plaintiff's complaint must be dismissed for failure to state a claim, insofar as she alleges that judicial selection and attorney discipline arise from secret, "close-door" meetings.

## POINT IV

### INSOFAR AS PLAINTIFF SEEKS THIS COURT'S REVIEW OF HER STATE COURT DIVORCE PROCEEDING, THIS COURT LACKS SUBJECT MATTER JURISDICTION.

Plaintiff's complaint and her Opposition voice a clear objection to the result in her divorce proceeding in state court. See Opposition, ¶ 134. However, as previously stated in defendants' motion to dismiss, plaintiff's complaint should be dismissed on the basis of the Rooker-Feldman doctrine and/or Younger abstention.

While there have been recent changes to the Rooker-Feldman doctrine, pursuant to the Supreme Court's decision in Exxon Mobil Corporation v. Saudi Basic Industries Corporation, 125 S. Ct. 1517; 2005 LEXIS 2929 (2005), this doctrine would still apply to prevent this Court from

exercising subject matter jurisdiction over plaintiff's case. In Exxon Mobil, the Supreme Court set forth three elements to prove a Rooker-Feldman defense: (1) plaintiff must have lost in state court; (2) the state court judgment must have issued prior to the commencement of the federal action; and (3) plaintiff, claiming harm from state court judgment, must be inviting district court review and rejection of that judgment. See Exxon Mobil, 2005 LEXIS 2929, at *26-28.

Plaintiff did not commence this action until July 2004. See Amended Complaint. It appears from plaintiff's amended complaint that she is challenging, *inter alia*, the February 17, 2004 order rendered by Honorable Joan Lobis ("Justice Lobis"), a sitting judge of the State court. This order gave plaintiff's husband access and ownership to their marital home. Plaintiff also appears to object to Justice Lobis' order permitting the sale of this home as a marital asset during the equitable division portion of plaintiff's divorce proceedings. In essence, plaintiff seeks an injunction from this Court preventing plaintiff's eviction from her apartment, as well as a federal court decision rendering Justice Lobis' decision null and void. Thus, plaintiff's case is still one brought by a state-court "loser," which, "complain[s] of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id. Accordingly, even under the new Rooker-Feldman test, this Court lacks subject matter jurisdiction over plaintiff's action and should dismiss it.

## POINT V

### PLAINTIFF HAS NOT AND CANNOT ALLEGE THAT A MUNICIPAL POLICY, PRACTICE, OR CUSTOM CAUSED THE INJURIES SHE CLAIMS.

Plaintiff appears to have only made claims pursuant to 42 U.S.C. § 1983 in her amended complaint, and in her Opposition. The law clearly states, however, that a plaintiff can only hold a municipality such as the City liable if her injuries are the result of a municipal policy, practice, or custom. Leatherman v. Tarrant County Narcotics Intelligence and Coordination

6

Unit, 507 U.S. 163, 166 (1993); Washington v. County of Rockland, 373 F.3d 310, 315 (2d Cir. 2004); see also, Monell v. New York City Dep't of Social Services, 436 U.S. 658, 690 (1978).

In the instant action, the City has absolutely no power over the New York state courts. Thus, no allegation arising from the conduct of a State court officer or from the operation of the State court system could possibly implicate the City's policies, practices, or customs. Accordingly, plaintiff has not and cannot plead a claim that would hold the City liable in this action, and plaintiff's complaint against the City should be dismissed.

## CONCLUSION

**WHEREFORE,** City defendant respectfully request that this Court issue an order dismissing this action, and for such other and further relief as may be just, proper and equitable.

Dated:  New York, New York
April 20, 2005

>MICHAEL A. CARDOZO
>Corporation Counsel of the
> City of New York
>Attorney for City Defendants
>100 Church Street, Room 2-301
>New York, New York  10007
>(212) 788-0898
>
>By: _____
>   Joshua C. Chao (JC 8807)
>   Assistant Corporation Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2005, I caused a true and correct copy of the foregoing CITY DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS to be served by mail on:

1. Esther Yang,
   *Pro Se* Plaintiff
   P.O. Box 20138
   DHCC, New York, NY 100017

   -and-

2. Constantine A. Speres
   Assistant Attorney General
   Attorney for State Defendants
   Office of the Attorney General of the State of New York
   120 Broadway
   New York, New York 10271

Dated:   New York, New York
         April 20, 2005

                MICHAEL A. CARDOZO
                Corporation Counsel of the
                  City of New York
                Attorney for the City Defendant
                100 Church Street, Room 2-301
                New York, New York 10007
                (212) 788-0898

By: _____
        Joshua C. Chao (JC 8807)
        Assistant Corporation Counsel